UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NICK MOGENSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BODY CENTRAL CORPORATION, B. ALLEN WEINSTEIN, THOMAS STOLTZ and BETH R. ANGELO,<br><br>Defendants. | No. 3:12-cv-00954-HES-JRK<br><br>**CLASS ACTION** |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

WHEREAS, an action is pending before this Court styled *Mogensen v. Body Central Corporation, et al.*, No. 3:12-cv-00954-HES-JRK (the "Action");

WHEREAS, the Settling Parties having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated August 25, 2014 (the "Settlement Agreement" or "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and the Released Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

ACCORDINGLY, it is hereby **ORDERED**:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on Wednesday, January 21, 2015, at 10:00 a.m., at the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to

determine whether a Judgment as provided in ¶ 1.10 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Distribution should be approved; to determine any amount of fees, costs, and expenses that should be awarded to Lead Counsel; to hear any objections by Class Members to the Settlement Agreement or Plan of Distribution or any award of fees, costs, and expenses to Lead Counsel; and to consider such other matters as the Court may deem appropriate. One and one-half (1.5) hours have been allotted for the Settlement Hearing.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies for purposes of settlement only a Class defined as all Persons who purchased or acquired Body Central Corporation ("Body Central" or the "Company") common stock during the period from November 10, 2011, through and including June 18, 2012 ("Class Period"). Excluded from the Class are the Defendants, the officers and directors of Body Central during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

4. Solely for purposes of the Settlement, the Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff

and his counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Lead Plaintiff Nick Mogensen is certified as the class representative and Lead Counsel Robbins Geller Rudman & Dowd LLP is certified as class counsel.

6. The Court approves the form, substance, and requirements of the Notice and Proof of Claim and Release form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

7. The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

8. The Court appoints for settlement purposes only the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than five (5) calendar days after the execution of the Stipulation, Body Central shall provide the Claims Administrator with a list of names and addresses of record holders of Body Central common stock during the Class Period on the transfer agent's books, in an electronic format acceptable to the Claims Administrator;

(b) Not later than ten (10) business days after the Court signs and enters this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the

Notice and Proof of Claim and Release form, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at "www.bodycentralcorporation securitieslitigation.com";

(c) Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d) Not later than thirty-five (35) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. Nominees who purchased Body Central common stock for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Body Central common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

10. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Distribution meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of

the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11. Other than the cost of providing the names and addresses of Persons who purchased Body Central common stock during the Class Period to Lead Counsel and/or the Claims Administrator, and the costs and expenses of providing notice pursuant to the Class Action Fairness Act, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

12. All members of the Class (except Persons who request exclusion pursuant to ¶ 16 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than ninety (90) calendar days

from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

14. The Proof of Claim and Release submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (c) if the person executing the Proof of Claim and Release is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim and Release; and (d) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

15. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-delivered such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Body Central common stock between November 10, 2011 and June 18, 2012, inclusive, including the dates, the number of shares of Body Central common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

17. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.

18. Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees, costs, and expenses should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees, costs, and expenses to be awarded to Lead Counsel, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Wilson Sonsini Goodrich & Rosati, Jerome F. Birn, Jr., 650 Page Mill Road, Palo Alto, CA 94304, no later than twenty-one (21) calendar days before the Settlement Hearing and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Middle District of Florida, Jacksonville Division, no later than twenty-one (21) calendar days before the Settlement Hearing. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees, costs, and expenses to Lead Counsel, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in

opposition to the approval of the Settlement, the Plan of Distribution, and/or the application for an award of attorneys' fees, costs, and expenses are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

19. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

20. All papers in support of the Settlement, Plan of Distribution, and any application by Lead Counsel for attorneys' fees, costs, and expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing and any reply papers shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

21. The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees, costs, or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22. At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees, costs, and expenses, should be approved.

23. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of his counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶ 3.6 or 3.7 of the Settlement Agreement.

24. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement may be construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Settlement Agreement. The Released Persons, Lead Plaintiff, Class Members, and each of their counsel, may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

26. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

27. If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties and they shall be deemed to have reverted to their respective litigation positions in the Action as of July 18, 2014.

**DONE AND ORDERED** at Jacksonville, Florida, this _10th_ day of October, 2014.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
David J. George, Esq.
Francis A. Bottini, Jr.
Holly Kimmel, Esq.
Kathleen B. Douglas, Esq.
Paul J. Geller, Esq.
Robert Jeffrey Robbins, Esq.
Brian Danitz, Esq.
Charles B. Lembcke, Esq.
Jerome F. Birn, Jr., Esq.
Kelley M. Kinney, Esq.
Steven M. Schatz, Esq.