# EXHIBIT 2

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

| | |
|---|---|
| NICK MOGENSEN, Individually and on Behalf of All Others Similarly Situated, ) ) ) | No. 3:12-cv-00954-HES-JRK |
| Plaintiff, ) ) ) | CLASS ACTION |
| vs. ) ) ) | |
| BODY CENTRAL CORPORATION, B. ALLEN WEINSTEIN, THOMAS STOLTZ AND BETH R. ANGELO, ) ) ) ) | |
| Defendants. ) ) ) | |

DECLARATION OF CAROLE K. SYLVESTER RE A) MAILING OF THE NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING AND THE PROOF OF CLAIM AND RELEASE FORM, B) PUBLICATION OF THE SUMMARY NOTICE, AND C) INTERNET POSTING

I, Carole K. Sylvester, declare:

## THE NOTICE AND PROOF OF CLAIM

1.      I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim and Release form (the "Proof of Claim"), the posting of those documents on the Gilardi & Co. LLC ("Gilardi") website, and publication of the Summary Notice. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I am employed by Gilardi, located at 3301 Kerner Blvd., San Rafael, California. Gilardi was retained as the Claims Administrator in this matter. I oversaw the notice services Gilardi provided in accordance with the Order Preliminarily Approving Settlement and Providing for Notice (the "Order") that was signed by the Court on October 10, 2014, in connection with the settlement of the above-captioned litigation. True and correct copies of the Notice and Proof of Claim are attached hereto as Exhibits A and B, respectively. The Notice and Proof of Claim (collectively, the "Claim Package") are in the form approved by the Court.

## MAILING OF THE NOTICE AND PROOF OF CLAIM

3.      In accordance with the Order, Gilardi received from defense counsel the list that they received from the transfer agent for Body Central Corporation ("Body Central"). This list was to contain the names and addresses of record holders of Body Central common stock during the period from November 10, 2011 through and including June 18, 2012, on the transfer agent's books. The list received from defense counsel was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of ten names and addresses. Gilardi printed the unique name and address data onto Claim Packages, posted them for First-Class Mail prepaid, and delivered them on October 24, 2014, to the United States Post Office located in Santa Rosa, California. The total number of Claim Packages mailed on October 24, 2014, to those potential members of the class was ten.

4.    As part of its normal mailing procedures, Gilardi also sent Claim Packages and cover letters to a list of 249 brokerages, custodial banks, and other institutions ("Nominal Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities.  This list also includes a group of filers/institutions who have requested notification on every securities case.  These Nominal Holders are included in a proprietary database created and maintained by Gilardi.  In Gilardi's experience, the institutions included in this initial mailing represent a significant majority of the beneficial holders of securities.  The cover letter accompanying the Claim Package advised the Nominal Holders of the proposed settlement and requested their cooperation in forwarding the Claim Package to potential class members.  In the over 25 years that Gilardi has been doing notification of securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are reached through the Nominal Holders.  A copy of the letter dated October 24, 2014, sent to Nominal Holders in this case, is attached hereto as Exhibit C.

5.    On October 24, 2014, Gilardi delivered electronic copies of the Claim Package to 444 registered electronic filers who are qualified to submit electronic claims.  These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustee or fiduciary.

6.    On October 24, 2014, Gilardi mailed 4,273 Claim Packages and cover letters to institutions included on the U.S. Securities and Exchange Commission's list of active brokers and dealers.

7.    Gilardi caused the Claim Package to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS").  LENS enables the participating bank and broker nominees to review the Claim Package and contact the Claims Administrator for copies of the Claim Package for their beneficial holders.

8.    Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this action.  In this regard, Gilardi has forwarded the Claim Package on request to nominees who held Body Central common stock for the beneficial interest of other persons.  Gilardi has also forwarded the Claim Package directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

9.      To date, in response to the outreach efforts described above, Gilardi received 26 responses that included computer files listing a total of 6,412 names and addresses of potential class members.   Gilardi also received four responses that included mailing labels with names and addresses for mailing to an additional 76 potential class members.   Six institutions requested that Gilardi send them a total of 820 additional Claim Packages, which they indicated they would mail directly to their clients who might be class members.

10.      As of the date of this declaration, Gilardi has sent a total of 12,284 Claim Packages to potential class members and nominees.

11.      Gilardi established a toll-free number to accommodate potential class member inquiries.  This toll-free number, 1-888-283-6643, became operational on October 24, 2014.

12.      Gilardi also posted copies of the Notice, the Proof of Claim, and the Stipulation and Agreement  of  Settlement  on  the  case  specific  website  established  by  Gilardi (www.bodycentralcorporationsecuritieslitigation.com) on October 24, 2014.

## PUBLICATION OF THE SUMMARY NOTICE

13.      In accordance with the Order, Gilardi caused the Summary Notice to be published in *Investor's Business Daily* and over the *PR Newswire* on November 4, 2014, as shown in the Affidavits of Publication attached hereto as Exhibit D.

## REPORT ON EXCLUSIONS RECEIVED TO DATE

14.      In accordance with the Order, class members who wish to exclude themselves from the class are required to do so in writing so that the request is received by Gilardi no later than December 31, 2014.  As of the date of this declaration, Gilardi has received no exclusions.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 16th day of December, 2014, at San Rafael, California.

_____
CAROLE K. SYLVESTER

EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| NICK MOGENSEN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:12-cv-00954-HES-JRK |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| BODY CENTRAL CORPORATION, B. ALLEN WEINSTEIN, THOMAS STOLTZ and BETH R. ANGELO, | ) ) ) ) | |
| Defendants. | ) ) | |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING**

**TO:   ALL PERSONS WHO PURCHASED OR ACQUIRED BODY CENTRAL CORPORATION ("BODY CENTRAL" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD FROM NOVEMBER 10, 2011, THROUGH AND INCLUDING JUNE 18, 2012.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE JANUARY 26, 2015**.

This Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Florida, Jacksonville Division (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action and the proposed settlement of the Action (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees, costs, and expenses. This Notice describes the rights you may have in connection with your participation in the Settlement, what steps you may take in relation to the Settlement and this class action, and, alternatively, what steps you must take if you wish to be excluded from the Settlement and this Action.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked or submitted online on or before **January 26, 2015**. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims in this case. Exclusions must be received on or before **December 31, 2014**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Distribution, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Class. Objections must be received by the Court and counsel on or before **December 31, 2014**. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court and counsel on or before **December 31, 2014**. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## SUMMARY NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $3.425 million Settlement Fund has been established. Lead Plaintiff estimates that there were approximately 10.8 million shares of Body Central common stock which may have been damaged during the Class Period. Lead Plaintiff estimates that the average recovery under the Settlement is roughly $0.31 per damaged share before deduction of any taxes on the income thereof, notice and administration costs and the attorneys' fee, cost, and expense award as determined by the Court. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total of all Recognized Claims. An individual Class Member may receive more or less than the average amount depending on the number of claims submitted, as estimated by Lead Plaintiff, when during the Class Period a Class Member purchased Body Central common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received. See Plan of Distribution as set forth at pages 9-12 below for more information on your Recognized Claim.

### Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per Body Central common share that would be recoverable if the Class prevailed on each claim alleged. The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.

### Statement of Attorneys' Fees, Costs, and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund, plus costs and expenses not to exceed $50,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Since the Action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis and advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. The requested fees, costs, and expenses amount to an average of approximately $0.10 per damaged share. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.

### Further Information

For further information regarding the Action, this Notice or to review the Stipulation and Agreement of Settlement, please contact the Claims Administrator toll-free at 1-888-283-6643, or www.bodycentralcorporationsecuritieslitigation.com.

You may also contact representatives of counsel for the Class: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900.

Please do not call the Court or Defendants with questions about the Settlement.

### Reasons for the Settlement

The principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

## BASIC INFORMATION

### 1. Why did I get this notice package?

You or someone in your family may have purchased or acquired Body Central common stock during the time period from November 10, 2011, through and including June 18, 2012 ("Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides

whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals, if any, are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Middle District of Florida, Jacksonville Division, and the case is known as *Mogensen v. Body Central Corporation, et al.*, No. 3:12-cv-00954-HES-JRK. The case has been assigned to the Honorable Harvey E. Schlesinger. The individual representing the Class is the "Lead Plaintiff," and the company and individuals he sued are called the Defendants.

| 2. | **What is this lawsuit about?** |
|---|---|

On August 27, 2012, a putative class action alleging violations of federal securities laws was filed in the United States District Court for the Middle District of Florida, Jacksonville Division, referenced herein as the "Action." The Court has appointed the law firm of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

The Corrected Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the Action on February 26, 2013 against Defendants Body Central, B. Allen Weinstein, Thomas Stoltz and Beth R. Angelo generally alleged, among other things, that Defendants engaged in a fraudulent scheme to artificially inflate the price of Body Central common stock by concealing and subsequently minimizing significant deteriorating merchandise conditions that negatively impacted sales and Body Central's financial outlook. The Complaint asserts that these allegedly false and misleading statements and omissions artificially inflated the price of Body Central common stock.

The Complaint further alleged that Class Members purchased or acquired Body Central common stock during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements. The Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

On April 23, 2013, Defendants filed their Corrected Motion to Dismiss the Complaint, arguing that Lead Plaintiff failed to allege particularized facts showing that any challenged statement was false or misleading when it was made, that all of Body Central's forward-looking statements, and their factual assumptions, were protected by the Private Securities Litigation Reform Act of 1995's ("PSLRA") Safe Harbor provisions, and that the Complaint failed to plead specific facts establishing a strong inference of scienter. Defendants also filed a motion to take judicial notice of certain documents in connection with their motion to dismiss.

On June 24, 2013, Lead Plaintiff filed his opposition to Defendants' motion to dismiss and a motion to strike certain documents submitted by Defendants in support of their motion to dismiss. Lead Plaintiff countered each of Defendants' arguments, and argued that the Complaint adequately alleged violations of Sections 10(b) and 20(a) of the Exchange Act.

On July 8, 2013, Defendants filed their opposition to the motion to strike, and on July 19, 2013, filed their reply to the motion to dismiss. On September 19, 2013, the Court issued an Order granting in part and denying in part both Lead Plaintiff's motion to strike and Defendants' motion for judicial notice, and gave Defendants the opportunity to convert their motion to dismiss to a motion for summary judgment, or to notify the Court that they would like it to consider their motion as a motion to dismiss.

Defendants notified the Court that they did not wish to convert their motion to dismiss into a motion for summary judgment, and on March 19, 2014, the Court issued an Order granting Defendants' motion to dismiss, dismissing the Complaint without prejudice. The Order also provided Lead Plaintiff the opportunity to amend his complaint.

On April 23, 2014, Lead Plaintiff filed his Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "SAC"). On the same day, Lead Plaintiff filed his motion to partially modify the PSLRA-mandated discovery stay, seeking the documents Defendants had produced, or will produce, in

connection with government investigations into trading in Body Central stock during the Class Period.  On May 30, 2014, Defendants filed their motion to dismiss the SAC and their opposition to the motion to partially lift the discovery stay.  On June 12, 2014, the Court denied Lead Plaintiff's motion to partially lift the stay.

The parties then engaged in arm's-length negotiations in an effort to resolve the litigation, and on July 18, 2014, executed a Settlement Term Sheet setting forth the parties' agreement-in-principle to settle the litigation.  Lead Plaintiff notified the Court of the Settlement on the same day.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the litigation.  Defendants contend that they did not make any materially false or misleading statements, and that they disclosed all material information required to be disclosed by the federal securities laws, and that any misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing.  Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements by Defendants and/or were caused by intervening events.

| 3. | Why is this a class action? |
|----|------|

In a class action, one or more people called the plaintiff sues on behalf of people who have similar claims.  All of the people with similar claims are referred to as a class or class members.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a settlement? |
|----|------|

The Court has not decided in favor of the Defendants or of the Class.  Instead, both sides agreed to the Settlement to avoid the distraction, costs and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.  Continuing to litigate the case would require all parties to expend substantial resources.  If the Action continued, fact discovery would be extremely expensive, both sides would likely engage expert witnesses, and Lead Plaintiff believes much of the proof would be highly technical, making the outcome of any trial unpredictable.  Lead Plaintiff and Lead Counsel believe the Settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|----|------|

The Court directed that everyone who fits this description is a Class Member: *all Persons who purchased or acquired Body Central common stock during the period from November 10, 2011, through and including June 18, 2012*, except those Persons and entities that are excluded, as described below.

| 6. | Are there exceptions to being included? |
|----|------|

Excluded from the Class are the Defendants, the officers and directors of Body Central during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 13 below.

If one of your mutual funds own Body Central common stock, that alone does not make you a Class Member.  You are a Class Member only if you directly purchased or acquired Body Central common stock during the Class Period.  Contact your broker to see if you have purchased or acquired Body Central common stock.

If you sold Body Central common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you *purchased or acquired* Body Central common stock, as defined above.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-283-6643, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal of the Action, Defendants have agreed that a payment of $3.425 million will be made by Defendants (or on their behalf) to be divided, after taxes, fees, and expenses, among all Class Members who send in a valid Proof of Claim form.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on several things, including, how many Class Members submit timely and valid Proof of Claim forms, the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, the number of shares of Body Central common stock you purchased, how much you paid for the shares, when you purchased, and if you sold your shares and for how much.

By following the instructions in the Plan of Distribution, you can calculate what is called your Recognized Claim. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claim. See the Plan of Distribution at pages 9-12 hereof for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.bodycentralcorporationsecuritieslitigation.com. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked or received no later than January 26, 2015. The claim form may be submitted online at www.bodycentralcorporationsecuritieslitigation.com.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a Settlement Hearing on January 21, 2015, to decide whether to approve the Settlement. If the Court approves the Settlement after that, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you exclude yourself, you will remain a Class Member, and that means that, if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule, ordinance, administrative provision or regulation, including both known claims and unknown claims, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, based on, arising from or relating to (i) the purchase of the common stock of Body Central during the Class Period, and (ii) the allegations,

transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that were or could have been alleged by Lead Plaintiff in the Action against the Released Persons. Released Claims does not include claims to enforce the Settlement; nor does it include any governmental or regulatory agency's claims in any criminal or civil action against any of the Defendants or any claims in any related ERISA or derivative actions.

- "Released Persons" means each and all of the Defendants and each and all of their Related Persons.

- "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their and Defendants' respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, underwriters, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them, in their capacity as such, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family and any entity in which any such Defendant has a controlling interest.

- "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any claims that any Released Persons does not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, each and all of the Class Members and Plaintiff's Counsel, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons or Lead Plaintiff, each and all of the Class Members and Plaintiff's Counsel, or might have affected his, her or its decision not to object to this Settlement or seek exclusion. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall have, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Defendants shall have, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff, Class Members, and Released Persons may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and the claims released by the Released Persons, but Lead Plaintiff and Defendants shall have, and each Class Member and Released Person, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, or the claims released by the Released Persons, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiff and Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Judgment to have

acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and the other Released Persons, on your own, about the legal issues in this case, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out."

| 13. | How do I get out of the proposed Settlement? |
|-----|-----------------------------------------------|

To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Body Central Securities Litigation*." Your letter must include the date(s), price(s), and number(s) of all purchases and sales of Body Central common stock during the Class Period. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **received no later than December 31, 2014** to:

*Body Central Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 990
Corte Madera, CA  94976-0990

If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons in the future.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
|-----|----------------------------------------------------------------------------------------------------------------|

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately. You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is December 31, 2014.

| 15. | If I exclude myself, can I get money from the proposed Settlement? |
|-----|--------------------------------------------------------------------|

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money. But, you may sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|-----|-----------------------------------|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|-----|--------------------------------|

Lead Counsel will move the Court for an award of attorneys' fees in an amount not greater than thirty percent (30%) of the Settlement Fund and for expenses and costs in an amount not to exceed $50,000, plus interest on such fees, costs, and expenses at the same rate earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can object to the proposed Settlement, the proposed Plan of Distribution, and/or Lead Counsel's fee, cost, and expense application. You can write to the Court setting out your objection. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed Settlement in the *Body Central Securities Litigation*. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of Body Central common stock you purchased and sold during the Class Period, and state the reasons why you object to the proposed Settlement. Your objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is **received no later than December 31, 2014:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court | Ellen Gusikoff Stewart | Jerome F. Birn, Jr. |
| United States District Court | ROBBINS GELLER RUDMAN | WILSON SONSINI |
| Middle District of Florida | & DOWD LLP | GOODRICH & ROSATI |
| Jacksonville Division | 655 West Broadway, Suite 1900 | Professional Corporation |
| Bryan Simpson | San Diego, CA  92101 | 650 Page Mill Road |
| U.S. Courthouse | | Palo Alto, CA  94304 |
| 300 North Hogan Street | | |
| Jacksonville, FL  32202 | | |

| 19. | What is the difference between objecting and excluding myself? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at 10:00 a.m., on Wednesday, January 21, 2015, at the United States District Court for the Middle District of Florida, Jacksonville Division, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, FL 32202. At the hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel. After the Settlement Hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 18 above) a statement saying that it is your "Notice

of Intention to Appear in the *Body Central Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Distribution, and/or the application for an award of attorneys' fees, costs, and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Persons about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|-----|-------------------------------------------------------|

This Notice summarizes the proposed Settlement. More details are in a Stipulation and Agreement of Settlement dated August 25, 2014 (the "Settlement Agreement"). You can get a copy of the Settlement Agreement and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at: 1-888-283-6643. A copy of the Settlement Agreement is also available on the Claims Administrator's website at www.bodycentralcorporationsecuritieslitigation.com.

| 25. | How do I get more information? |
|-----|-------------------------------|

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Settlement Agreement, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Middle District of Florida, Jacksonville Division, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, FL 32202, during regular business hours. For a fee, all papers filed in this Action are available at www.pacer.gov.

## PLAN OF DISTRIBUTION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $3.425 million and any interest earned thereon shall be the "Settlement Fund." The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula (below) is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Court may approve the Plan of Distribution, or modify it without additional notice to the Class. Any order modifying the Plan of Distribution will be posted on the settlement website at: www.bodycentralcorporationsecuritieslitigation.com.

The following proposed Plan of Distribution reflects the assumption that the prices of Body Central common stock were allegedly artificially inflated during the Class Period. The Plan of Distribution was created with the assistance of a consulting damages expert who analyzed the movement of Body Central's common stock after the alleged disclosures. It takes into account the portion of the stock drops attributable to the alleged fraud. Accordingly, "Recognized Claims" will be calculated for purposes of the Settlement as follows:

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

The allocation below is based on the following price declines as well as the statutory PSLRA 90-day look-back amount of $9.42:

May 4, 2012 Price Decline:      $14.04

June 18, 2012 Price Decline:  $7.77

**Proposed Distribution**

1.   For shares of Body Central common stock *purchased or acquired on or between November 10, 2011 through May 3, 2012*, the claim per share shall be as follows:

   a)      If sold prior to May 4, 2012, the claim per share is zero.

   b)      If sold on or between May 4, 2012 through June 17, 2012, the claim per share shall be the lesser of: (i) $14.04 (May 4, 2012 Price Decline), or (ii) the difference between the purchase price and the selling price.

   c)      If retained at the end of June 17, 2012 and sold before September 14, 2012, the claim per share shall be the lesser of: (i) $21.81 (May 4, 2012 and June 18, 2012 Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

   d)      If retained or sold on or after September 14, 2012, the claim per share shall be the lesser of: (i) $21.81 (May 4, 2012 and June 18, 2012 Price Declines), or (ii) the difference between the purchase price per share and $9.42 per share.

2.   For shares of Body Central common stock *purchased or acquired on or between May 4, 2012 through June 17, 2012*, the claim per share shall be as follows:

   a)      If sold prior to June 18, 2012, the claim per share is zero.

   b)      If retained at the end of June 17, 2012 and sold before September 14, 2012, the claim per share shall be the lesser of: (i) $7.77 (June 18, 2012 Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

   c)      If retained or sold on or after September 14, 2012, the claim per share shall be the lesser of: (i) $7.77 (June 18, 2012 Price Decline), or (ii) the difference between the purchase price per share and $9.42 per share.

3.   For shares of Body Central common stock *purchased or acquired on June 18, 2012*, the claim per share shall be $0.00.[1]

---

[1]   Please note that although the Class Period includes June 18, 2012, shares of Body Central common stock that were purchased and/or acquired on June 18, 2012 are not eligible for a recovery under the Plan of Distribution because the disclosure made on June 18, 2012 that Lead Plaintiff alleges corrected earlier alleged misrepresentations and omissions was made before the opening of trading that day.

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 18-Jun-12 | $8.22 | $8.22 | 2-Aug-12 | $9.59 | $10.00 |
| 19-Jun-12 | $8.61 | $8.42 | 3-Aug-12 | $8.22 | $9.95 |
| 20-Jun-12 | $8.57 | $8.47 | 6-Aug-12 | $8.14 | $9.90 |
| 21-Jun-12 | $8.47 | $8.47 | 7-Aug-12 | $8.52 | $9.86 |
| 22-Jun-12 | $8.44 | $8.46 | 8-Aug-12 | $8.88 | $9.83 |
| 25-Jun-12 | $8.60 | $8.49 | 9-Aug-12 | $9.17 | $9.82 |
| 26-Jun-12 | $8.58 | $8.50 | 10-Aug-12 | $9.09 | $9.80 |
| 27-Jun-12 | $8.73 | $8.53 | 13-Aug-12 | $8.94 | $9.78 |
| 28-Jun-12 | $8.71 | $8.55 | 14-Aug-12 | $8.77 | $9.75 |
| 29-Jun-12 | $9.00 | $8.59 | 15-Aug-12 | $8.81 | $9.73 |
| 2-Jul-12 | $9.82 | $8.70 | 16-Aug-12 | $8.93 | $9.71 |
| 3-Jul-12 | $10.62 | $8.86 | 17-Aug-12 | $8.82 | $9.69 |
| 5-Jul-12 | $10.65 | $9.00 | 20-Aug-12 | $8.56 | $9.66 |
| 6-Jul-12 | $10.61 | $9.12 | 21-Aug-12 | $8.43 | $9.64 |
| 9-Jul-12 | $10.84 | $9.23 | 22-Aug-12 | $8.44 | $9.61 |
| 10-Jul-12 | $10.72 | $9.32 | 23-Aug-12 | $8.37 | $9.59 |
| 11-Jul-12 | $10.73 | $9.41 | 24-Aug-12 | $8.66 | $9.57 |
| 12-Jul-12 | $10.92 | $9.49 | 27-Aug-12 | $8.69 | $9.55 |
| 13-Jul-12 | $11.21 | $9.58 | 28-Aug-12 | $8.78 | $9.54 |
| 16-Jul-12 | $11.12 | $9.66 | 29-Aug-12 | $8.83 | $9.52 |
| 17-Jul-12 | $10.98 | $9.72 | 30-Aug-12 | $8.75 | $9.51 |
| 18-Jul-12 | $11.13 | $9.79 | 31-Aug-12 | $8.78 | $9.49 |
| 19-Jul-12 | $10.87 | $9.83 | 4-Sep-12 | $8.85 | $9.48 |
| 20-Jul-12 | $11.04 | $9.88 | 5-Sep-12 | $8.89 | $9.47 |
| 23-Jul-12 | $10.60 | $9.91 | 6-Sep-12 | $8.89 | $9.46 |
| 24-Jul-12 | $10.32 | $9.93 | 7-Sep-12 | $9.13 | $9.46 |
| 25-Jul-12 | $10.37 | $9.94 | 10-Sep-12 | $8.90 | $9.45 |
| 26-Jul-12 | $10.43 | $9.96 | 11-Sep-12 | $8.93 | $9.44 |
| 27-Jul-12 | $10.51 | $9.98 | 12-Sep-12 | $9.00 | $9.43 |
| 30-Jul-12 | $10.50 | $10.00 | 13-Sep-12 | $9.09 | $9.42 |
| 31-Jul-12 | $10.34 | $10.01 | 14-Sep-12 | $9.28 | $9.42 |
| 1-Aug-12 | $10.22 | $10.02 | | | |

In the event a Class Member has more than one purchase or sale of Body Central common stock during the Class Period, all purchases and sales within the Class Period shall be matched on a First-In, First-Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

A purchase or sale of Body Central common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Body Central common stock during the Class Period shall not be deemed a purchase or sale of Body Central common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Body Central common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Body Central common stock.

To the extent a claimant had a gain from his, her, or its overall transactions in Body Central common stock during the Class Period, the value of the Recognized Claim will be zero.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution will be made to Class Members who would otherwise receive a distribution of less than $10.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the result, you may ask the Court, which retains jurisdiction over the claims administration process, to decide the issue by submitting a written request.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Body Central common stock during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), the Court has ordered that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Body Central Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 990
Corte Madera, CA 94976-0990
(1-888-283-6643)
www.bodycentralcorporationsecuritieslitigation.com.

Dated: October 10, 2014

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NICK MOGENSEN, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>BODY CENTRAL CORPORATION, B. ALLEN WEINSTEIN, THOMAS STOLTZ and BETH R. ANGELO, )<br><br>Defendants. ) | No. 3:12-cv-00954-HES-JRK<br><br>CLASS ACTION |

## PROOF OF CLAIM AND RELEASE

### I.     GENERAL INSTRUCTIONS

1.     To recover as a member of the Class based on your claims in the action entitled *Mogensen v. Body Central Corporation, et al.*, No. 3:12-cv-00954-HES-JRK (the "Action"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN **JANUARY 26, 2015**, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Body Central Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990
www.bodycentralcorporationsecuritieslitigation.com

If you are NOT a member of the Class (as defined in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.     If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

### II.     CLAIMANT IDENTIFICATION

If you purchased the common stock of Body Central Corporation ("Body Central" or the "Company") during the period from November 10, 2011, through and including June 18, 2012, and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased the common stock of Body Central during the Class Period and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE BODY CENTRAL COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-888-283-6643 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Body Central Common Stock" to supply all required details of your transaction(s) in Body Central common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases, acquisitions, and sales of Body Central common stock between November 10, 2011, and September 14, 2012, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Body Central common stock you held at the close of trading on November 9, 2011, June 18, 2012, and September 14, 2012. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Body Central common stock, and the date of a "short sale" is deemed to be the date of sale of Body Central common stock.

For each transaction, you must provide, together with this claim form, copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Body Central common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

<table>
<tr><td>

Official
Office
Use
Only

</td><td>

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

*Mogensen v. Body Central Corporation, et al.,*

No. 3:12-cv-00954-HES-JRK

**PROOF OF CLAIM AND RELEASE**

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

</td><td>

**Must Be Postmarked
or Received
No Later Than
January 26, 2015**

# BCCORP

</td></tr>
</table>

## PART I: CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA          ○ Joint Tenancy          ○ Employee          ○ Individual          ○ Other _____
(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number                    Taxpayer Identification Number

___ ___ ___ — ___ ___ — ___ ___ ___ ___    **or**    ___ ___ — ___ ___ ___ ___ ___ ___ ___

Telephone Number (Primary Daytime)              Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address

City                                State        Zip Code

Foreign Province              Foreign Postal Code          Foreign Country Name/Abbreviatio

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CL PROCE ONLY |

3

PART II SCHEDULE OF TRANSACTIONS IN BODY CENTRAL COMMON STOCK

**A.** Number of shares of Body Central common stock held at the close of trading on November 9, 2011:

Proof Enclosed?
○ Y
○ N

**B.** Purchases or acquisitions of Body Central common stock between November 10, 2011 and September 14, 2012, inclusive:

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
| M M / D D / Y Y Y Y | | $ . 0 0 | ○ Y ○ N |
| 1. | | | |
| 2. | | $ . 0 0 | ○ Y ○ N |
| 3. | | $ . 0 0 | ○ Y ○ N |
| 4. | | $ . 0 0 | ○ Y ○ N |
| 5. | | $ . 0 0 | ○ Y ○ N |

**IMPORTANT:** If any purchase listed covered a "short sale," please mark Yes:   ○ Yes

**C.** Sales of Body Central common stock between November 10, 2011 and September 14, 2012, inclusive:

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| M M / D D / Y Y Y Y | | $ . 0 0 | ○ Y ○ N |
| 1. | | | |
| 2. | | $ . 0 0 | ○ Y ○ N |
| 3. | | $ . 0 0 | ○ Y ○ N |
| 4. | | $ . 0 0 | ○ Y ○ N |
| 5. | | $ . 0 0 | ○ Y ○ N |

**D.** Number of shares of Body Central common stock held at the close of trading on June 18, 2012:

Proof Enclosed?
○ Y
○ N

**E.** Number of shares of Body Central common stock held at the close of trading on September 14, 2012:

Proof Enclosed?
○ Y
○ N

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND FILL THIS CIRCLE: ○

IF YOU DO NOT FILL IN THIS CIRCLE THESE ADDITIONAL PAGES MAY NOT BE REVIEWED.

YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

**YOUR SIGNATURE ON PAGE 6 WILL CONSTITUTE YOUR ACKNOWLEDGEMENT
OF THE RELEASE DESCRIBED IN SECTION V. BELOW.**

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Settlement Agreement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division, with res to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish addit information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other cla connection with the purchase of Body Central common stock during the Class Period and know of no other person having dor on my (our) behalf.

**V.     RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, rel and discharge from the Released Claims each and all of the Released Persons as provided in the Settlement Agreement.

2.      "Related Persons" means, with respect to the Defendants, each and all of their respective present or fo parents, subsidiaries, affiliates, successors and assigns, and each and all of their and Defendants' respective present or fo officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsu investment bankers, underwriters, representatives, general and limited partners and partnerships, heirs, executors, administra successors, affiliates, agents, spouses, associates, and assigns of each of them, in their capacity as such, or any trust of whic Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family and any entity in whic such Defendant has a controlling interest.

3.      "Released Persons" means each and all of the Defendants and each and all of their Related Persons.

4.      "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, foreign, statutory or common law o other law, rule, ordinance, administrative provision or regulation, including both known claims and unknown claims, whether or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, ma or unmatured, based on, arising from or relating to (i) the purchase of the common stock of Body Central during the Class Pe and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurre representations, statements, omissions or failures to act that were or could have been alleged by Lead Plaintiff in the Action ag the Released Persons. Released Claims does not include claims to enforce the Settlement; nor does it include any governm or regulatory agency's claims in any criminal or civil action against any of the Defendants or any claims in any related ERIS derivative actions.

5.      "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or su to exist in his, her or its favor at the time of the release of the Released Persons, and any claims that any Released Person doe know or suspect to exist in his, her or its favor at the time of the release of the Lead Plaintiff, each and all of the Class Member Plaintiff's Counsel, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Rele Persons or Lead Plaintiff, each and all of the Class Members and Plaintiff's Counsel, or might have affected his, her or its dec not to object to this Settlement or seek exclusion. With respect to any and all Released Claims, the Settling Parties stipulate agree that, upon the Effective Date, Lead Plaintiff and Defendants shall have, and each of the Class Members and Rele Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitt law the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Defendants shall have, and each of the Class Members and Released Persons shall be deemed to have by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law o state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Code §1542. Lead Plaintiff, Class Members, and Released Persons may hereafter discover facts in addition to or different those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and the c released by the Released Persons, but Lead Plaintiff and Defendants shall have, and each Class Member and Released Pe upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settle released any and all Released Claims, or the claims released by the Released Persons, as the case may be, known or unkr suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, co that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent disc or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plainti Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Judgment to acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this re is a part.



5

6.      This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Body Central common stock between November 10, 2011 and September 14, 2012, inclusive, and the number of shares of Body Central common stock held by me (us) at the close of trading on November 9, 2011, June 18, 2012, and September 14, 2012.

9.      I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(A)(1)(C) OF THE INTERNAL REVENUE CODE.

NOTE: IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE AND FILL THE CIRCLE. ◯

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM AND RELEASE FORM BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this_____ day of _____ in _____

(Month/Year)                                    (City/State/Country)

_____              _____
(Sign your name here)                            (Sign your name here)

_____              _____
(Type or print your name here)                   (Type or print your name here)

_____              _____
(Capacity of person(s) signing, *e.g.*,          (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

   *Body Central Securities Litigation*
   c/o Gilardi & Co. LLC
   Claims Administrator
   P.O. Box 990
   Corte Madera, CA  94976-0990

8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR**
**MAILED NO LATER THAN JANUARY 26, 2015, ADDRESSED AS FOLLOWS:**

*Body Central Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 990
Corte Madera, CA  94976-0990
www.bodycentralcorporationsecuritieslitigation.com



# EXHIBIT C

# Gilardi
## &Co LLC

3301 Kerner Blvd.
San Rafael, CA 94901
P: (415) 461-0410
F: (415) 461-0412

October 24, 2014

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re: **Body Central Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing and Proof of Claim and Release for the above referenced litigation. Please note both the class period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all persons who purchased or acquired Body Central Corporation common stock during the period from November 10, 2011, through and including June 18, 2012. In addition, **the Notice provides that the Exclusion Deadline is December 31, 2014, and that the Claim Filing Deadline is January 26, 2015.**

Please pay particular attention to the "Special Notice to Securities Brokers and Other Nominees" on page twelve of the Notice. Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number.

If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact Matt Markham at (415) 458-3015 to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send. Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. Please refer to the attached file format guidelines to ensure your data is processed without delays.

If you have any questions, please call Matt Markham at (415) 458-3015.

Sincerely,

Gilardi & Co. LLC

## ASCII Fixed Length – File Submission Guidelines

In the interest of ensuring the highest degree of data integrity, the preferred file format for all data submission is the ASCII Fixed Length or ASCII Tab Delimited file format, in the following layout.

Please be sure to specify the case name and Control Totals, for example, the total number of accounts provided in all accompanying files.

| Field | Length | Starting Position | Ending Position | Type | Description |
|---|---|---|---|---|---|
| First Name | 30 | 1 | 30 | Character | Primary account holder first name |
| Last Name | 30 | 31 | 60 | Character | Primary account holder last name |
| Name2 | 30 | 61 | 90 | Character | Secondary name(s) |
| Name3 | 30 | 91 | 120 | Character | Secondary name(s) |
| Name4 | 30 | 121 | 150 | Character | Secondary name(s) |
| Address 1 | 30 | 151 | 180 | Character | First address line |
| Address 2 | 30 | 181 | 210 | Character | Second address line |
| City | 30 | 211 | 240 | Character | |
| State | 2 | 241 | 242 | Character | |
| Zip Code | 5 | 243 | 247 | Character | |
| Foreign Province | 30 | 248 | 277 | Character | |
| Foreign Zip Code | 10 | 278 | 287 | Character | |
| Foreign Country | 30 | 288 | 317 | Character | |
| E-mail Address | 75 | 318 | 392 | Character | |
| CUSIP | 15 | 393 | 407 | Character | CUSIP number of the security traded. |

## Sample File Screen Shot



## ASCII Tab Delimited – File Submission Guidelines

| Field | Length | Type | Description |
|---|---|---|---|
| First Name | 30 | Character | Primary account holder first name |
| Last Name | 30 | Character | Primary account holder last name |
| Name2 | 30 | Character | Secondary name(s) |
| Name3 | 30 | Character | Secondary name(s) |
| Name4 | 30 | Character | Secondary name(s) |
| Address 1 | 30 | Character | First address line |
| Address 2 | 30 | Character | Second address line |
| City | 30 | Character | |
| State | 2 | Character | |
| Zip Code | 5 | Character | |
| Foreign Province | 30 | Character | |
| Foreign Zip Code | 10 | Character | |
| Foreign Country | 30 | Character | |
| E-mail Address | 75 | Character | |
| CUSIP | 15 | Character | CUSIP number of the security traded. |

## Sample File Screen Shot



## Microsoft Excel - File Submission Guidelines

Please only use Microsoft Excel file format if submitting data in ASCII Fixed Length or ASCII Tab Delimited file formats is not feasible.  However, if your data exceeds 65,536 rows (the Excel row limit for 2003) or 1,048,576 rows (Excel row limit 2010 & 2013), then an ASCII Fixed Length or ASCII tab delimited file is required.

Please be sure to specify the case name and Control Totals, for example, the total number of accounts provided in all accompanying files.

| Field | Cell Format | Maximum Length | Description |
|-------|-------------|----------------|-------------|
| First Name | Text | 30 | Primary account holder first name |
| Last Name | Text | 30 | Primary account holder last name |
| Name2 | Text | 30 | Secondary name(s) |
| Name3 | Text | 30 | Secondary name(s) |
| Name4 | Text | 30 | Secondary name(s) |
| Address 1 | Text | 30 | First address line |
| Address 2 | Text | 30 | Second address line |
| City | Text | 30 | |
| State | Text | 2 | |
| Zip Code | Text | 5 | |
| Foreign Province | Text | 30 | |
| Foreign Zip Code | Text | 10 | |
| Foreign Country | Text | 30 | |
| E-mail Address | Text | 75 | |
| CUSIP | Text | 15 | CUSIP number of the security traded. |

## Sample File Screen Shot



Exhibit D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICK MOGENSEN, Individually and on
Behalf of All Others Similarly Situated,
Plaintiff,

vs.

BODY CENTRAL CORPORATION, B.
ALLEN WEINSTEIN, THOMAS STOLTZ
and BETH R. ANGELO,
Defendants.

Case No. 3:12-cv-00954-HES-JRK

CLASS ACTION

SUMMARY NOTICE

TO ALL PERSONS WHO PURCHASED OR ACQUIRED BODY CENTRAL CORPORATION ("BODY CENTRAL") COMMON STOCK DURING THE PERIOD FROM NOVEMBER 10, 2011, THROUGH AND INCLUDING JUNE 18, 2012:

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Middle District of Florida, Jacksonville Division, that a hearing will be held on January 21, 2015, at 10:00 a.m., before the Honorable Harvey E. Schlesinger, United States District Judge, at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Action for the amount of $3,425,000.00 should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice ("Judgment") should be entered by the Court dismissing the Action with prejudice and releasing the Released Claims; (3) whether the Plan of Distribution for the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees, costs, and expenses should be approved.

IF YOU PURCHASED OR ACQUIRED BODY CENTRAL COMMON STOCK DURING THE TIME PERIOD FROM NOVEMBER 10, 2011, THROUGH AND INCLUDING JUNE 18, 2012, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS ACTION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR PURCHASE OR ACQUISITION OF BODY CENTRAL COMMON STOCK DURING THE CLASS PERIOD. If you have not received a detailed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to Body Central Securities Litigation, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990, or on the Internet at www.bodycentralcorporationsecuritieslitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail or online no later than January 26, 2015, establishing that you are entitled to recovery.

If you purchased or acquired Body Central common stock during the Class Period and you desire to be excluded from the Class, you must submit a request for exclusion so that it is received no later than December 31, 2014, in the manner and form explained in the detailed Notice referred to above. All members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Action pursuant to the Stipulation and Agreement of Settlement.

Any objection to the Settlement, the Plan of Distribution, or Lead Counsel's request for attorneys' fees, costs, and expenses, must be received by each of the following recipients no later than December 31, 2014:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
Bryan Simpson U.S. Courthouse
300 North Hogan Street
Jacksonville, FL 32202

Lead Counsel:

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

Counsel for Defendants:

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
JEROME F. BIRN, JR.
650 Page Mill Road
Palo Alto, CA 94304

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

DATED: October 10, 2014

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

# INVESTOR'S BUSINESS DAILY

## Affidavit of Publication

| | |
|---|---|
| Name of Publication: | Investor's Business Daily |
| Address: | 12655 Beatrice Street |
| City, State, Zip: | Los Angeles, CA 90066 |
| Phone #: | 310.448.6700 |
| State of: | California |
| County of: | Los Angeles |

I, **Stephan Johnson**, for the publisher of **Investor's Business Daily,** published in the city of <u>Los Angeles</u>, state of <u>California</u>, county of <u>Los Angeles</u> hereby certify that the attached notice for **Gilardi & Co. LLC** was printed in said publication on the following date:

**November 4th, 2014: BODY CENTRAL CORPORATION SECURITIES LITIGATION**

State of California
County of <u>Los Angeles</u>

Subscribed and sworn to (or affirmed) before me on this <u>4th</u> day of <u>November, 2014</u>, by <u>~~Stephan Johnson~~</u>, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



Signature _____ (Seal)

RICHARD C. BRAND II
Commission # 1923876
Notary Public - California
Los Angeles County
My Comm. Expires Feb 25, 2015

# LARKSPUR DESIGN GROUP

### Affidavit of Publication

I, Alan Vasquez, as Director of Larkspur Design Group in San Rafael, California, hereby certify that I caused the attached notice for Gilardi & Co. LLC to be published as a press release by the following wire service:

|  |  |
|---|---|
| Name of Publication: | PR Newswire |
| Address: | 350 Hudson St, Ste 300 |
| City, State, Zip | New York, NY  10014 |
| Phone #: | 201-360-3876 |
| State of: | New York |

The press release was distributed to the following media circuits offered by the above referenced wire service:

1. US National Newsline

I, Alan Vasquez, as Director of Larkspur Design Group in San Rafael, California hereby certify that I caused the attached **Body Central Corporation** notice for Gilardi & Co. LLC to be released on the following date:

*November 4, 2014*

| Signature | Print Name | Date |
|---|---|---|
| | Alan Vasquez | 12/15/2014 |

---

**State of: California**
**County of: Marin**

Subscribed and sworn to before me on this 15th day of December, 2014, by Alan Vasquez, who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

WITNESS my hand and official seal

_Eric Anthony Balzer_
Signature of Notary Public

ERIC ANTHONY BALZER
COMM. #2052196
Notary Public - California
Marin County
My Comm. Expires Dec. 16, 2017

Solutions (http://www.knowledgecenter.prweb/ledger-rss/News-Releases (http://www.prnewswire/news-Releases(https://portal.prn

See more news releases in

Banking & Financial Services (http://www.prnewswire.com/news-releases/financial-services-latest-news/banking-financial-services-list/)

Legal Issues (http://www.prnewswire.com/news-releases/policy-public-interest-latest-news/legal-issues-list/)

## Robbins Geller Rudman & Dowd LLP Announces Proposed Settlement of the Body Central Corporation Securities Litigation

 0 8+1

JACKSONVILLE, Fla., Nov. 4, 2014 /PRNewswire/ — The following statement is being issued by Robbins Geller Rudman & Dowd LLP regarding the Body Central Corporation Securities Litigation:

| NICK MOGENSEN, Individually and on Behalf of All Others Similarly Situated, Plaintiff, vs. BODY CENTRAL CORPORATION, B. ALLEN WEINSTEIN, THOMAS STOLTZ and BETH R. ANGELO, Defendants. | Case No. 3:12-cv-00954-HES-JRK CLASS ACTION SUMMARY NOTICE |
|---|---|

**TO: ALL PERSONS WHO PURCHASED OR ACQUIRED BODY CENTRAL CORPORATION ("BODY CENTRAL") COMMON STOCK DURING THE PERIOD FROM NOVEMBER 10, 2011, THROUGH AND INCLUDING JUNE 18, 2012**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Middle District of Florida, Jacksonville Division, that a hearing will be held on January 21, 2015, at 10:00 a.m., before the Honorable Harvey E. Schlesinger, United States District Judge, at the United States District Court for the Middle District of Florida, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Action for the amount of $3,425,000.00 should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice ("Judgment") should be entered by the Court dismissing the Action with prejudice and releasing the Released Claims; (3) whether the Plan of Distribution for the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees, costs, and expenses should be approved.

IF YOU PURCHASED OR ACQUIRED BODY CENTRAL COMMON STOCK DURING THE TIME PERIOD FROM NOVEMBER 10, 2011, THROUGH AND INCLUDING JUNE 18, 2012, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS ACTION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR PURCHASE OR ACQUISITION OF BODY CENTRAL COMMON STOCK DURING THE CLASS PERIOD. If you have not received a detailed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Body Central Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990, or on the Internet at www.bodycentralcorporationsecuritieslitigation.com (http://www.bodycentralcorporationsecuritieslitigation.com/). If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail or online *no later than January 26, 2015,* establishing that you are entitled to recovery.

If you purchased or acquired Body Central common stock during the Class Period
and you desire to be excluded from the Class, you must submit a request for
exclusion so that it is received *no later than December 31, 2014*, in the manner and
form explained in the detailed Notice referred to above. All members of the Class
who do not timely and validly request exclusion from the Class will be bound by any
judgment entered in the Action pursuant to the Stipulation and Agreement of
Settlement.

Any objection to the Settlement, the Plan of Distribution, or Lead Counsel's request
for attorneys' fees, costs, and expenses, must be received by each of the following
recipients *no later than December 31, 2014*:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
Bryan Simpson U.S. Courthouse
300 North Hogan Street
Jacksonville, FL 32202

| Lead Counsel: | Counsel for Defendants: |
|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP | WILSON SONSINI GOODRICH & ROSATI |
| ELLEN GUSIKOFF STEWART | Professional Corporation |
| 655 West Broadway, Suite 1900 | JEROME F. BIRN, JR. |
| San Diego, CA 92101 | 650 Page Mill Road |
| | Palo Alto, CA 94304 |

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
REGARDING THIS NOTICE.** If you have any questions about the Settlement, you
may contact Lead Counsel at the address listed above.

DATED: October 10, 2014

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOURCE ELLEN GUSIKOFF STEWART


RELATED LINKS
http://www.bodycentralcorporationsecuritieslitigation.com
(http://www.bodycentralcorporationsecuritieslitigation.com)